**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

VIFOR (INTERNATIONAL) AG and §
AMERICAN REGENT, INC., §
§
    *Plaintiffs*, §
§
    v. §      Civil Action No. 25-211
§
APOTEX INC. and APOTEX CORP., §
§
    *Defendants*. §
§

**ORDER**

In the most recent discovery dispute in this case, plaintiffs Vifor (International) AG and American Regent, Inc. (collectively, "Vifor") complain that defendants Apotex Inc. and Apotex Corp. (collectively, "Apotex"), have failed to provide a list of ESI custodians and corresponding search terms for documentary discovery. Vifor asks the court to order Apotex to provide that information. D.I. 82. In a court-ordered response, Apotex stated that the parties are engaged in settlement negotiations and asked that the proceedings be stayed "to allow the parties to focus on negotiating settlement" and to order that the parties pursue mediation "to resolve this matter efficiently." D.I. 84 at 1. Vifor replied that in light of the fact that the 30-month stay in this Hatch-Waxman Act case expires in July 2027, and settlement is not assured, this action should not be stayed. D.I. 86.

Apotex's request for stay is denied. The fact that the parties are contemplating mediation suggests to the court that settlement, while possible, is by no means assured. The schedule for this case is already tight, with trial scheduled for January 2027, only six months before the 30-month stay expires. The court intends for this case to stay on the current schedule, with no significant

1

further delays.[1]  As it is, the trial date cannot reasonably be postponed, because during the six months between the end of the trial and the end of the 30-month stay, the parties will be required to submit two sets of post-trial briefings and oral arguments to the court, and the court will be required to enter its findings of fact and conclusions of law, which typically entail a significant commitment of resources.  In the court's experience, six months is the minimum period necessary to complete those tasks in light of all other contemporaneous commitments.

Under these circumstances, the pendency of settlement negotiations does not justify pausing discovery proceedings, as any significant pause in the proceedings at this point would make it impossible to stay with the schedule set forth in the scheduling order.  Accordingly, Apotex is directed to provide a list of ESI custodians and corresponding search terms by April 24, 2026, or on any later date agreed to by the parties.

IT IS SO ORDERED.

SIGNED this 23rd day of April, 2026.

WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE

---

[1]  In its April 17, 2026, letter to the court, Vifor stated that the parties "are in the midst of negotiating an extension of fact discovery by at most a month or two."  D.I. 82 at 1.  The parties should not assume that the court will endorse a delay of that length, which would require an adjustment of the dates for expert reports and (potentially) expert discovery.  Such a delay could also lead to a compression of the time for the briefing and consideration of motions for summary judgment and *Daubert* motions.  As it now stands, the schedule leaves the court only about two months between the completion of briefing of the substantive motions and the pretrial conference, which is the minimum period that would be acceptable to the court.  Any further compression of the schedule would not be feasible unless the parties are prepared to forgo filing dispositive motions.